EDWARD J. ROGERS and WILLIAM DICKINSON, Appellants, *v.* NICHOLAS BECKRICH, Respondent.

*Express or implied warranty, provable where the complaint alleges simply a breach of warranty.*

Where the complaint, in an action for an alleged breach of a warranty accompanying a sale of personal property, does not specifically state whether the warranty was express or implied, the plaintiff may prove a warranty of either kind.

APPEAL by the plaintiffs, Edward J. Rogers and another, from an order of the Supreme Court, made at the Erie Trial Term and entered in the office of the clerk of the county of Erie on the 21st day of January, 1898, denying their motion for a new trial made upon the minutes, after a verdict in favor of the defendant rendered at the Erie Trial Term.

*John Van Arsdale,* for the appellants.

*Norman D. Fish,* for the respondent.

ADAMS, J.:

The plaintiffs, who were manufacturers of and dealers in bicycles, bring this action to recover damages which it is alleged they have sustained in consequence of a breach of warranty by the defendant upon an executory contract for the sale of 500 crank hangers.

A crank hanger is an appliance pertaining to a bicycle, and is composed of a sleeve, cones, cups, cranks, sprocket, etc.

The defendant is a manufacturer of these articles, and the sale in question was made by his agent, one Charles H. Walters. It is undisputed that Walters, in order to induce the plaintiffs to purchase these crank hangers, made certain representations respecting their character, quality, material and durability, and the evidence establishes beyond all controversy that, after the plaintiffs had attached the appliances to bicycles which they manufactured, it was ascertained that they were latently defective in the materials used as well as in the manner of their construction, in consequence of which the plaintiffs lost the sale of many bicycles, and their business was seriously impaired.

There was some controversy as to the exact nature and extent of the warranty which accompanied the sale of these crank hangers, the plaintiffs insisting that it was express, while the defendant contends that it was simply such warranty as might be implied from the circumstances of the case, and at the close of the trial the defendant's counsel requested the court to charge the jury that if they found that no express warranty was made, then the plaintiffs were not entitled to recover. To this request the learned trial justice replied : "Well, the theory of this action is upon an express warranty, and I will so charge ;" and in response to practically the same request reiterated, the jury were again instructed without qualification, that the plaintiffs were not entitled to recover in this action upon the ground of an implied warranty. The exceptions taken by the plaintiffs' counsel to the instruction thus given and repeated present error which, we think, requires that a new trial should be directed.

The plaintiffs' complaint contains simply an averment that the

crank hangers were warranted to be fit and proper for the purpose for which they were designed. It does not allege specifically whether such warranty was express or implied, and in these circumstances it seems to be well settled that proof of a warranty of either kind will support the averment. (*Hoe* v. *Sanborn*, 21 N. Y. 552; *Bierman* v. *City Mills Co.*, 151 id. 482, 488; *Reynolds* v. *Mayor, Lane & Co.*, 39 App. Div. 218.)

It is by no means certain that the plaintiffs were not entitled to recover upon the theory of an express warranty; but, however that may be, evidence was given which tended to prove that the hangers were latently defective in consequence of the process of manufacture, as well as by reason of the use of malleable iron instead of steel in their construction. An implied warranty was, therefore, established, and as its breach is undisputed, the plaintiffs, manifestly, were entitled to recover some damage within the rule laid down in the cases above cited. The jury, however, rendered a verdict of "no cause of action," and it would, therefore, seem to be pretty conclusively established that the instruction of the learned trial court was potential in bringing about this result. This being so, it follows that the order appealed from should be reversed.

All concurred.

Order reversed and a new trial granted, with costs to appellants to abide the event.